DJW/byk/mh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PENNCRO ASSOCIATES, INC.,

                     Plaintiff,

                                           CIVIL ACTION

v.

                                         No. 04-2549-JWL-DJW

SPRINT CORPORATION,
SPRINT/UNITED MANAGEMENT
COMPANY, and
SPRINT SPECTRUM L.P.
d/b/a SPRINT PCS,

                     Defendants.

## MEMORANDUM AND ORDER

       This matter comes before the Court on Defendants' Rule 12(f) Motion to Strike (doc. 22). Defendants move the Court pursuant to Fed. R. Civ. P. 12(f) for its Order striking paragraphs 27 through 37 of Plaintiff's First Amended Complaint, as well as the portion of the *ad damnum* clause reading "and other damages incurred." Defendants argue that the allegations contained in paragraphs 27 through 37 of Plaintiff's First Amended Complaint concern Defendants' alleged motive for breach, not whether the contract was breached, and should be stricken as immaterial and impertinent. For the reasons set forth below, Defendants' Motion is denied.

### I.     Background Information

       Plaintiff's original Complaint, filed on November 10, 2004, contained two counts:  Count I – Breach of Contract and Count II – Willful Breach of Contract.  On December 30, 2004, Defendants answered Count I (doc. 13), and moved to dismiss Count II for failure to state a claim (doc. 14).  In their

Motion to Dismiss, Defendants argued that the allegations contained in Count II did not support a separate tort claim for "willful breach."

After conferring, the parties filed a joint motion seeking withdrawal of Defendants' Motion to Dismiss and seeking leave to allow Plaintiff to file its First Amended Complaint (doc. 18).  The First Amended Complaint eliminated Count II as a separate claim, but incorporated the factual allegations contained in the prior Count II into Count I – Breach of Contract.  This joint motion included a stipulation reserving to Defendants the right to move to strike the allegations added to Count I.  The Court sustained this joint motion to withdraw the Motion to Dismiss on January 27, 2005 (doc. 19).

Defendants have moved to strike paragraphs 27 through 37 of the First Amended Complaint along with the portion of the *ad damnum* clause reading "and other damages incurred" not for delay or harassment, but because these allegations have no connection to the subject matter of Plaintiff's breach of contract action, and are prejudicial to Defendants.

## II.     Standard for Ruling on Motions to Strike

Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Because striking a portion of a pleading is a drastic remedy and because a motion to strike may often be made as a dilatory

tactic, motions to strike under Rule 12(f) generally are disfavored.[1]  While motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court.[2]

For purposes of ruling on a motion to strike, immaterial matter is defined as that which has no essential or important relationship to the claim for relief, or a statement of unnecessary particulars in connection with that which is material.[3]  When allegations in a complaint "are entirely collateral and immaterial to the underlying claims," they should be stricken.[4]  Redundancy or immateriality, however, is not enough to trigger the drastic remedy of striking parts of a pleading; the allegation must also be prejudicial to the defendant.[5]  Prejudice occurs when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party.[6]

The court will usually deny a motion to strike unless the allegations have no possible relation to the controversy and may prejudice one of the parties.[7]  If the record reveals any doubt as to whether under

---

[1]*Nwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d 1213, 1215 (D. Kan. 1998) (citing *Resolution Trust Corp. v. Scaletty*, 810 F. Supp. 1505, 1515 (D. Kan. 1992)).  *See also PAS Communications, Inc. v. U.S. Sprint, Inc.*, 112 F. Supp. 2d 1106, 1107 n.2 (D. Kan. 2000) ("Rule 12(f) motions are generally disfavored, drastic remedy.").

[2]*Geer v. Cox,* 242 F.Supp.2d 1009, 1025 (D. Kan. 2003) (citing *Scaletty,* 810 F. Supp. at 1515).

[3]*Foster v. Pfizer Inc.*, No. Civ. A. 00-1287-JTM, 2000 WL 33170897, at *2 (D. Kan. Dec. 12, 2000); *Miller v. Pfizer, Inc.*, No. Civ.A. 99-2326-KHV, 1999 WL 1063046, at *3 (D. Kan. Nov. 10, 1999).

[4]*Geer,* 242 F. Supp. 2d at 1025 (quoting *Murray v. Sevier*, 156 F.R.D. 235, 258 (D. Kan. 1994)).

[5]*Foster*, 2000 WL 33170897, at *2.

[6]*Id.*

[7]*PAS Communications,* 112 F. Supp. 2d at 1107 n.2.

3

any contingency a certain matter may raise an issue, the court should deny the motion to strike.[8]  Moreover, evidentiary facts that aid in giving a full understanding of the complaint as a whole need not be stricken.[9]

## III.  Discussion

### A.    Allegations of Motive

Paragraphs 27-32 of Plaintiff's First Amended Complaint generally allege that Defendants unfairly applied key performance indicators in favor of Plaintiff's competitors. Plaintiff further alleges in paragraphs 33-37 that the motive for terminating Plaintiff's Contract Order was a broad corporate policy to reduce its costs of doing business, including the outsourcing of collection services to overseas competitors of the Plaintiff in such places as India and Jamaica. Defendants argue that because Plaintiff has now dismissed its prior claim for a separate, independent tort for "willful breach of contract" arising out of the transactions at issue in the underlying breach of contract action, paragraphs 27-37 have absolutely no relevance or materiality to the remaining breach of contract claim.

As a general rule, the motive for a parties' breach of a contract is commonly immaterial.[10]   In Kansas, the rule is that the motive of a defendant in breaching a contract is immaterial to the issue of damages.[11]   One court in the District of Maryland has even held that in breach of contract actions, allegations involving a party's motivation to breach the contract at issue are immaterial and prejudicial and

---

[8]*Id.*

[9]*Id.*

[10]*Globe Refining Co. v. Landa Cotton Oil Co.*, 190 U.S. 540, 547 (1903).

[11]*Carter Elec. Co. v. Travelers Indem. Co.*, 382 F.2d 567, 571 (10th Cir. 1967).

should be stricken from the case.[12]  While this general rule may be applicable in most commercial contract situations, the case at bar is distinguishable in that the language of the parties' contract arguably makes motive an issue.  Paragraph 13 of the Master Service Agreement signed by both parties, provides that:

> Neither party will be liable to the other for consequential, indirect or punitive damages for any cause of action, whether in contract, tort or otherwise, except for:
>
> *       *       *
>
> b) Any grossly negligent, willful or fraudulent act or omission. . .

Plaintiff interprets this paragraph to mean that, if Defendants' actions in terminating the contract were willful, Plaintiff would be entitled to such damages, as the parties agreed.  Plaintiff argues that the allegations in Plaintiff's First Amended Complaint respecting Defendants' willful breach of the contract would then be relevant in determining whether Plaintiff is entitled to damages under Paragraph 13 of the Master Service Agreement.  While Defendants are correct  that "the probative value of motivation in a breach of contract case is small because motive is not at issue in a breach of contract case,"[13] the parties arguably made motive an issue in this case by including Paragraph 13 in the Master Service Agreement.

Defendants cite *Xerox Corp. v. Imatek Inc.*[14] in support of their argument that paragraphs 27-37 should be stricken because these allegations are made purely to "muddy the waters," with no relationship to the claim at issue.  In *Xerox Corp.,* the court found Imatek's allegations of violations of

---

[12]*Xerox Corp. v. ImaTek, Inc*., 220 F.R.D. 244, 245 (D. Md. 2004).

[13]*Unit Drilling Co. v. Enron Oil & Gas Co.,* 108 F.3d 1186, 1194 (10th Cir. 1997).

[14]220 F.R.D. 244, 245 (D. Md. 2004).

accepted accounting principles in reporting its profits and losses where completely irrelevant to the breach of contract claim, and that requiring Xerox to discover and litigate the allegations would be prejudicial to Xerox by requiring them to suffer unnecessary and additional expenses.[15]  Defendants claim Plaintiff's allegations regarding motive are immaterial in that they do not address any element of the breach of contract claim, and requiring Defendants to respond to such allegations would be prejudicial.  While Defendants may be correct generally, this case is distinguishable by the parties' inclusion of Paragraph 13 in their contract, which can be interpreted to make the motive allegations relevant and material, and an order to strike the allegations less likely.

"If the record reveals any doubt as to whether under any contingency a certain matter may raise an issue, the court should deny the motion to strike."[16]  Under Plaintiff's interpretation of Paragraph 13, the allegations of willful breach contained in Paragraphs 27-32 of the First Amended Complaint are relevant and material.  This argument is not unreasonable, and the allegations at issue could relate to the controversy.  Therefore, the Court will not deny Plaintiff the opportunity to have the issue decided on the merits, and will deny Defendants' Motion to Strike the allegations regarding motive from Plaintiff's First Amended Complaint.

### B.    *Ad Damnum* clause

Defendants also request that the Court strike the *ad damnum* clause from Plaintiff's First Amended Complaint.  The *ad damnum* clause reading "and other damages incurred" was not included in the Count I – Breach of Contract prayer of the original Complaint.  Defendants claim that Plaintiff

---

[15]*Id.*

[16]*PAS Communications,* 112 F. Supp. 2d at 1107 n.2.

added this clause to the prayer of the First Amended Petition's sole count for breach of contract in an attempt to exact punitive damages from Defendants.

It is a well-settled tenet of Kansas law that damages for breach of contract are limited to the pecuniary losses sustained as a result of the breach.[17]   Kansas law makes clear that remedies in contract actions must protect parties' expectation interests, not punish the party in breach.[18]   An unjustified breach of a contract does not entitle a party to punitive damages.[19]   However, parties to a contract are generally free to determine the terms of their contract, and "paramount public policy is that freedom to contract is not to be interfered with lightly."[20]

Absent paragraph 13 of the Master Service Agreement, all of the alleged injury to the Plaintiff in this action, if any, would flow directly from any alleged breach of contractual duties.  As such, Plaintiff would not be entitled to punitive or exemplary damages, and the portion of the *ad damnum* clause reading "and other damages incurred" would be redundant and immaterial.  However, paragraph 13 of the Master Service Agreement appears to permit the party in breach to be liable to the other party for "consequential, indirect or punitive damages for any cause of action. . . for any grossly negligent, willful or fraudulent act or omission."  Plaintiff interprets this paragraph to be applicable in a willful breach of contract.  Should Plaintiff's interpretation prevail, Plaintiff would be

---

[17]*Guarantee Abstract & Title Co., Inc. v. Interstate Fire & Cas. Co., Inc.*, 232 Kan. 76, 78, 652 P.2d 665, 667 (1982).

[18]*Poindexter v. Morse Chevrolet, Inc.*, 270 F.Supp.2d 1286, 1292 (D. Kan. 2003).

[19]*Atkinson v. Orkin Exterminating Co.*, 5 Kan. App. 2d 739, 744, 625 P.2d 505, 510 (1981).

[20]*Foltz v. Struxness*, 168 Kan. 714, 721-22, 215 P.2d 133, 139 (1950).

7

entitled to such damages if Defendants' conduct is proved to be willful.  The *ad damnum* clause would not be redundant and immaterial under those circumstances.  Therefore, Defendants' Motion to Strike portions of the *ad damnum* clause from the First Amended Complaint is denied.

**IT IS THEREFORE ORDERED** that Defendants' Rule 12(f) Motion to Strike (doc. 22) is denied.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 25th day of April, 2005.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:  All counsel

8