GLR/byk/zm

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**PENNCRO ASSOCIATES, INC.,**

**Plaintiff,**

**CIVIL ACTION**

**v.**

**04-2549-JWL-GLR**

**SPRINT CORPORATION, SPRINT/UNITED**
**MANAGEMENT COMPANY and SPRINT**
**SPECTRUM L.P. d/b/a SPRINT PCS,**

**Defendants.**

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Penncro Associates Inc.'s Motion to Compel

Compliance with Plaintiff's Notice of Deposition and to Produce a Witness Knowledgeable About Topics

1-5 of the Notice (doc. 45).  Plaintiff requests that the Court order Defendants to produce a witness

knowledgeable about their discovery efforts in this case.  For the reasons set forth below, Plaintiff's motion

is denied.

## I.      Introduction and Background

On April 14, 2005, Plaintiff served upon Defendants a Fed. R. Civ. P. 30(b)(6) Notice of

Deposition requesting that Defendants produce witnesses knowledgeable and who could testify with

respect to certain topics.  The Notice of Deposition set forth eleven topics to be addressed by Defendants'

Rule 30(b)(6) witnesses.  Topics 1-5 requested that Defendants designate witnesses to testify regarding

the following topics:

1.      Defendants' production of all materials, including, but not limited to, electronic or computer-based documents, within the scope of Fed. R. Civ. P. 26(a)(1)(B) and/or within the scope of the Court's Electronic Discovery Guidelines.

2.      The process or procedure used to locate, identify and assemble documents including, but not limited to, electronic or computer-based documents, within the scope of Fed. R. Civ. P. 26(a)(1)(B), within the scope of the Court's Electronic Discovery Guidelines and/or responsive to the Penncro Document Requests, and the efforts undertaken to comply with those Requests and the obligations imposed by Rule 26(a)(1)(B) and the Court's Electronic Discovery Guidelines.

3.      Defendants' responses to the Penncro Document Requests, including issues relating to the production of responsive information and documents.

4.      Defendants' production of all materials, including, but not limited to, electronic or computer-based documents, responsive to the Penncro Document Requests.

5.      The authenticity and custody of the documents produced by Defendants pursuant to Fed. R. Civ. P. 26(a)(1)(B) and/or in response to the Penncro Document Requests.[1]

Prior to the deposition noticed for May 4, 2005, Defendants served their Objections to Plaintiff's Notice of Deposition.  They objected on the grounds that Topics 1-5 seek information that is "irrelevant, beyond the scope of permissible discovery, not likely to lead to the discovery of admissible evidence[,] premature[, and] invade[s] the attorney-client privilege and the work product doctrine."[2]

Plaintiff filed the instant Motion to Compel on May 23, 2005.  In their motion now before the Court, Plaintiff requests that the Court compel Defendants to comply with its April 14, 2005  Notice of Deposition by producing witnesses knowledgeable about Topics 1-5.

## II.      Defendants' Objections

---

[1]Ex. A to Pl.'s Mot. to Compel (doc. 45).

[2]Ex. C to Pl.'s Mot. to Compel (doc. 45).

### A.        Relevancy Objections

Defendants object to Topics 1-5 of Plaintiff's Notice o f Deposition on the grounds that these topics seek information that is irrelevant and not likely to lead to the discovery of admissible evidence. Defendants argue that Plaintiff is seeking to compel collateral testimony in an attempt to create a spoliation claim. In response, Plaintiff states that it seeks the Rule 30(b)(6) deposition to determine whether Defendants have produced all relevant, responsive documents that are in its possession, and that the relevance and materiality of such an inquiry is "self-evident."

Federal Rule of Civil Procedure 26(b)(1) provides that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ."[3]  Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant *to the claim or defense of any party*.[4]  However, when the relevancy of a request is not readily apparent, the party seeking the discovery has the burden to show relevancy.[5]

Contrary to Plaintiff's assertion that the relevancy is "self-evident," the Court determines that the relevance of the details of Defendants' document production methods is not readily apparent.  On its face, the information sought by Plaintiff has no relationship to any claim or defense in this case.  The details of Defendants' participation in discovery are not the subject of this action, which arises from a contract termination.  Although contending that the relevancy of the discovery is self-evident, Plaintiff has also failed to make any showing that Defendants have withheld any requested discovery.  Because the relevancy of

---

[3]Fed. R. Civ. P. 26(b)(1).

[4]*McCoy v. Whirlpool Corp.*, 214 F.R.D. 642, 643 (D. Kan. 2003) (emphasis added).

[5]*Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 442, 445 (D. Kan. 2000).

3

Topics 1-5 of the Notice of Deposition is not readily apparent, Plaintiff has the burden to show relevancy.


Plaintiff asserts that the relevancy of the five topics is "self-evident." Plaintiff offers no additional insight as to how Topics 1-5 relate to an existing claim or defense in this case. Instead, Plaintiff states that its Notice of Deposition is designed "to determine whether Sprint has produced all relevant, responsive documents that are in its possession."[6] The Court construes this to mean that Plaintiff's Notice of Deposition is an attempt to investigate and question Defendants' compliance with prior discovery requests. But this does not make the topics relevant to the claims and defenses of the case. Plaintiff has not met its burden to show that the information sought in Topics 1-5 is relevant to the claims and defenses in this case. The Court therefore sustains Defendants' relevancy objection to Topics 1-5 of Plaintiff's April 14, 2005 Notice of Deposition.

The Court further notes that Plaintiff's use of a Rule 30(b)(6) deposition is not the appropriate mechanism to cure the discovery omissions alleged by Plaintiff. Rather than attempt to compel Defendants to produce a witness who can testify regarding Defendants' discovery responses, Plaintiff should resolve any perceived omissions by filing a motion to compel Defendants to produce complete discovery responses. The Court notes that Plaintiff has filed a Motion to Compel Discovery (doc. 57) which seeks to compel Defendants to respond to various Discovery Requests and Interrogatories specified therein. The Court also notes that at least two of the four "glaring omissions" listed by Plaintiff as examples in support of its Motion to Compel Compliance with Plaintiff's Notice of Deposition (doc. 45) are reiterated in

---

[6]Pl.'s Reply Mem. in Support of Mot. to Compel (doc. 56).

Plaintiff's Motion to Compel Discovery (doc. 57).  To the extent that Plaintiff's Motion to Compel Discovery addresses the deficiencies in Defendants' discovery responses that Plaintiff alleges, the Motion to Compel Discovery should address Plaintiff's concerns.

## B.    Other Objections

Because the Court sustains Defendants' relevancy objections to Topics 1-5 of Plaintiff's April 14, 2005 Notice of Deposition, it need not address Defendants' remaining objections.

**IT IS THEREFORE ORDERED THAT** Plaintiff Penncro Associates Inc.'s Motion to Compel Compliance with Plaintiff's Notice of Deposition and to Produce a Witness Knowledgeable About Topics 1-5 of the Notice (doc. 45) is denied.  Plaintiff's Rule 30(b)(6) Notice of Deposition served on April 14, 2005 is hereby quashed with respect to Topics 1-5.  Defendants need not produce witnesses to testify with respect to Topics 1-5 of Plaintiff's April 14, 2005 Notice of Deposition.

**IT IS FURTHER ORDERED THAT** each party to bear their own costs related to the motion.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 20th day of July, 2005.


s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

cc:    All counsel

5