GLR/zm

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PENNCRO ASSOCIATES, INC.,

                Plaintiff,

                               CIVIL ACTION

v.

                               No. 04-2549-JWL-GLR

SPRINT CORPORATION, SPRINT/UNITED
MANAGEMENT COMPANY and SPRINT
SPECTRUM L.P. d/b/a/ SPRINT PCS,

                Defendants.

## ORDER

This matter comes before the Court on Plaintiff's Motion to Compel Discovery (doc. 57). Plaintiff requests that the Court enter an Order compelling Defendants to respond to various Requests for Production and Interrogatories to which Plaintiff argues that Defendants' responses are deficient. For the reasons set forth below, Plaintiff's Motion to Compel Discovery is granted.

## I.  Background

Plaintiff maintains that Defendants have not fulfilled their discovery obligations, and that Defendants' objections to discovery have denied Plaintiff documents to which it is entitled. Plaintiff argues that Defendants have failed to respond to portions of Plaintiff's First Request for Production and Plaintiff's First Set of Interrogatories. Plaintiff seeks documents regarding all of the following in response to the First Request for Production: suppliers of first party inbound collections services other than Plaintiff, contracts and related agreements, the decision to outsource collection services, and the evaluation of Spanish-speaking collection services. Plaintiff also seeks complete answers from Defendants in response to

Interrogatory Nos. 1, 2, 4-9, and 11-20.  Defendants initially objected to each of the preceding discovery

requests and interrogatories.

## II.     Discussion

District of Kansas Local Rule 6.1(d)(1) provides that "[r]esponses to nondispositive motions

(motions which are not motions to dismiss or for summary judgment) shall be filed and served within 14

days."[1]    In addition, Rule 7.4 states that "[i]f a respondent fails to file a response within the time required

by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will

be granted without further notice."[2]  Plaintiff filed its Motion to Compel Discovery on June 17, 2005.

Under D. Kan. 6.1(d)(1), Defendants had fourteen days, or until July 1, 2005, to file a response to the

Motion to Compel Discovery.  Defendants failed to file a response or make a showing of excusable neglect.

Plaintiff's Motion to Compel Discovery is therefore uncontested.  Objections initially raised against a

discovery request, but not reasserted in response to a motion to compel are considered waived.[3]

Defendants abandoned their initial objections to the discovery requests by failing to respond to Plaintiff's

Motion to Compel.  Defendants' objections to the contested discovery requests are considered waived,

and Plaintiff's uncontested Motion to Compel Discovery is granted.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Compel Discovery (doc. 57) is

granted.  **Within 10 days of the date of this Order**, Defendants shall produce or make available for

---

[1]D. Kan. Rule 6.1(d)(1).

[2]D. Kan. Rule 7.4.

[3]*DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 681 (D. Kan. 2004).

inspection and copying all documents responsive to Plaintiff's First Request for Production in accordance with Fed. R. Civ. P. 34, including:

(a)     Documents relating to Risk Management Alternatives, Inc., GC Services, L.P., and other relevant suppliers as described in Request for Production Nos. 16-21, 24, 27, and 30.

(b)     Documents relating to Penncro's contract with Sprint as described in Request for Production Nos. 4-8.

(c)     Documents relating to Sprint's decision to outsource inbound collection services to offshore vendors as described in Request for Production No. 35.

(d)     Documents relating to Sprint's evaluation of Risk Management Alternatives, Inc., performance of Spanish-speaking inbound collection services and the inclusion or exclusion of such services in the key performance indicators of the competitive evaluation program as described in Request for Production No. 25.

**IT IS FURTHER ORDERED THAT** Defendants shall, **within 10 days of the date of this Order**, serve amended, responsive answers to Plaintiff's First Set of Interrogatories, including:

(a)     A responsive written answer in response to Interrogatory Nos. 1, 2, 4-9, and 11-20 containing the principal and material information relating to each respective inquiry.

(b)     A responsive written answer and/or document which explains how Sprint went about replacing Penncro as set forth in Interrogatory No. 12.

(c)     A responsive written answer and/or documents regarding Sprint's decision to terminate Penncro which predate the termination as set forth in Interrogatory No. 13.

**IT IS FURTHER ORDERED THAT** Defendants shall show cause to the undersigned Magistrate Judge by **August 4, 2005**, why they should not be ordered to pay, pursuant to Fed. R. Civ. P. 37(a)(4)(A), Plaintiff's reasonable expenses, including attorney's fees, incurred in making Plaintiff's Motion to Compel.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 22nd day of July, 2005.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

cc:     All counsel