GLR/byk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**PENNCRO ASSOCIATES, INC.,**

        **Plaintiff,**

**v.**

**CIVIL ACTION**

**No. 04-2549-JWL-GLR**

**SPRINT CORPORATION, SPRINT/UNITED MANAGEMENT COMPANY and SPRINT SPECTRUM L.P. d/b/a/ SPRINT PCS,**

        **Defendants.**

## ORDER

On July 22, 2005, the Court granted Plaintiff's Motion to Compel as unopposed under District of Kansas local rule 7.4.[1] In its Order, the Court ordered Defendants to show cause why they should not be ordered to pay, pursuant to Fed. R. Civ. P. 37(a)(4)(A), Plaintiff's reasonable expenses, including attorney's fees, incurred in making the motion to compel. The Court has reviewed both Defendants' Response to the Show Cause Order (doc. 82) and Plaintiff's Reply to Defendants' Response to the Show-Cause Order (doc. 87). Based on its review of those documents, the Court determines that Defendants should be required to pay Plaintiff's reasonable expenses incurred in making the motion to compel.

Defendants argue that the Court should not order them to pay Plaintiff's fees and expenses incurred in preparing the motion to compel because 1) Plaintiff's motion was untimely under the local rules and the

---

[1] D. Kan. Rule 7.4 states that "[i]f a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."

Scheduling Order deadline, and (2) the motion to compel was rendered moot by the parties' agreement and Defendants' production of the requested documents.

Defendants first argue that Plaintiff's motion to compel was untimely. Defendants, however, waived any argument that the motion to compel was untimely by their failure to file a response to the motion.[2] Even if Defendants had asserted this argument in a response to the motion to compel, the Court is persuaded by Plaintiff's argument that it relied upon Defendants' representations that they would produce documents responsive to the requests in waiting to file its motion to compel. The Court finds that although Plaintiff's motion was technically not filed within the thirty-day time period for filing motions to compel, Plaintiff's delay in filing the motion was a result of its reliance upon Defendants' representations that they would produce documents responsive to the discovery requests, and thus a motion to compel would not be necessary.

Defendants further argue that the motion was rendered moot by an agreement of the parties and the actual production of the requested documents. Plaintiff points out, however, that Defendants did not produce them until it had filed its motion to compel. Federal Rule of Civil Procedure 37(a)(4)(A) contemplates an award of expenses "if the disclosure or requested discovery is provided after the motion was filed." The Court determines that Defendants should pay Plaintiff's reasonable expenses in making the motion to compel.

---

[2]*See, e.g., Case v. Unified Sch. Dist. #233, Johnson County, Kan.,* No. 94-2100-GTV, 1995 WL 106739, at *1 (D. Kan. Mar. 10, 1995) (a party's failure to file a response opposing a motion to compel constitutes a waiver of all objections they may have had).

In its response, Plaintiff has not suggested what would be a reasonable amount for the Court to order as "reasonable expenses." The Court will therefore order defendants to pay $300 as its reasonable expenses.

**IT IS THEREFORE ORDERED THAT** Defendants shall pay to Plaintiff and its attorney the sum of $300 as reasonable expenses for filing the Motion to Compel (doc. 57) and, within thirty (30) days of the date of this Order, shall file with the Court a receipt or affidavit to show that such payment has been made.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 18th day of August, 2005.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

cc:   All counsel